IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**DONALD FAULKNER**                                                                                    **PLAINTIFF**
**#7406**

v.                                     No: 3:22-cv-00313 DPM-PSH

**DOES,** *et al.*                                                                                            **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to Chief United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Donald Faulkner, a pre-trial detainee at the Poinsett County Detention Center, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on December 8, 2022 (Doc. No. 1). Faulkner was subsequently granted leave to proceed *in forma pauperis* ("IFP") and directed to file an amended complaint to clarify his claims (Doc. No. 6). Faulkner was instructed to specifically describe the

defendants he sues, explain how each defendant violated his constitutional rights, and describe how he was injured as a result. *Id.* Faulkner was cautioned that an amended complaint would render his original complaint without legal effect and that only claims properly set out in the amended complaint would be allowed to proceed.[1] *Id.* On February 7, 2023, Faulkner filed an amended complaint (Doc. No. 7). The Court has screened his amended complaint and recommends that his claims be dismissed for failure to state a claim upon which relief may be granted, as further described below.

## I. Screening Standard

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic

---

[1] It is "well-established" that subsequent complaints supersede prior complaints and render preceding complaints "without legal effect." *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000).

recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.  Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. In his amended complaint, Faulkner names as defendants the following: nurse Suesan Duffel, administrator Trish Marshal, the Arkansas Department of Corrections, and Midsouth screening employees Ashley, Heather, and Wendy. Doc. No. 7 at 1-2. He alleges:

> Around Oct 25 I saved up and took a bunch of pills to kill myself. Instead of calling ambulance the nurse or jail had a jailer drive me to ER. Where I should of get screened by Midsouth they sent me back to jail put me on suicide & didn't have me screened until the next day. I went through 3 or 4 screenings over a period of 3 weeks  They would not give me any help! Midsouth was saying I needed help but between the Jail and ADC they wouldn't let me get any help. They put 5 of us in a 2 man cell on cold concrete for over 2 weeks with no contact with my family & took away all my meds.

*Id.* at 4.

Despite being directed to do so, Faulkner has not described how each named defendant was involved in the violation of his rights. A defendant may not be held liable under § 1983 unless he was personally involved in or had direct responsibility for the constitutional violation. *See Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.") (internal quotations and citations omitted). And to state a cognizable claim against a defendant in a supervisory role, an inmate must allege that the defendant was personally involved in the constitutional violation or became aware of the constitutional violation and, with deliberate indifference, failed to take corrective action. *See, e.g., Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993).

Additionally, Faulkner has not set forth sufficient facts to state a viable constitutional claim against any of the named defendants. To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs.[2] *Dulany v. Carnahan*, 132

---

[2] Pretrial detainees' claims are evaluated under the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment. *See Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004). However, pretrial detainees are entitled to at least as much protection under the Fourteenth Amendment as under the Eighth Amendment. *See id.* (citing *Spencer v. Knapheide Truck Equip. Co.,* 183 F.3d 902, 906 (8th Cir. 1999)); *see*

F.3d 1234, 1239 (8th Cir. 1997). Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).

To the extent Ashely, Heather, or Wendy are the Midsouth employees he alleges sent him back to jail, he merely alleges they should not have sent him back to jail; he does not provide any additional facts to support a claim that they did not appropriately treat his serious medical needs. Likewise, to the extent the nurse Suesan Duffel or administrator Trish Marshal are the "they" who did not help him upon his return to the Poinsett County Detention Center, he does not describe any specific facts to support a claim that they were deliberately indifferent to or mistreated his serious medical needs; he does not describe what help he needed, what medications he did not receive, or how his medical condition worsened as a result of their actions. And finally, the Arkansas Department of Corrections is not an entity

---

*also Davis v. Hall,* 992 F.2d 151, 152–53 (8th Cir. 1993) (per curiam) (applying deliberate indifference standard to pretrial detainee's claims of inadequate medical care). In *Spencer,* the Eighth Circuit explained that it had never articulated an exact standard for evaluating medical treatment claims brought by pretrial detainees. 183 F.3d at 905. The Court acknowledged that pretrial detainees' claims may be subject to an objective reasonable test rather than the subjective deliberate indifference standard. *Id.* The Eighth Circuit addressed this issue again in *Bailey v. Feltmann*, 810 F.3d 589, 593 (8th Cir. 2016), where it declined to address the proper constitutional standard unnecessarily, but noted that when that case was decided it was not clearly established that a pre-trial detainee was entitled to more protection than that provided by the Eighth Amendment.

subject to suit under § 1983.  *Brown v. Missouri Department of Corrections*, 353 F.3d 1038, 1041 (8th Cir. 2004); *see also Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (suits against the States and their agencies are barred by the Eleventh Amendment regardless of the relief sought).

For these reasons, the Court recommends that Faulkner's claims be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### III. Conclusion

For the reasons stated herein, it is recommended that:

1. Faulkner's claims be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation or the accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 20th day of March, 2023.

_____
UNITED STATES MAGISTRATE JUDGE